**JOLAR CINEMA OF HOUSTON, INC., Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

**No. 01-85-0103-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 1, 1985.

Darrell K. McAlexander, Ausburn & Bailey, San Antonio, for appellant.

Jerry E. Smith, City Atty., Robert J. Collins, Sr. Asst. City Atty., Veva Dianne Lawson and Gilbert D. Douglas, Asst. City Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and COHEN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from an order granting temporary injunctive relief to the City of Houston. We affirm.

The City of Houston brought this action against appellant, Jolar Cinema of Houston, Inc., to enjoin it from owning or operating an unlicensed sexually oriented commercial enterprise in the City of Houston. The City sought to enjoin appellant's opera-

tion of both the live performances, which are viewed from behind coin operated windows, and appellant's coin operated mechanized video machines that are also located on the premises. The trial court's order temporarily enjoined the appellant from using the premises for the purposes of providing entertainment in the form of live performances which are intended to provide sexual stimulation or sexual gratification to its customers, but the court's order denied the City's request for an order enjoining appellant from using the premises to operate its coin-operated video machines.

In two points of error, the appellant contends: (1) that the trial court erred in enjoining live performances, because such activity is protected against prior restraints under the first amendment to the United States Constitution; and (2) that the City's ordinance, Houston City Code 83–1812, sec. 28.73(B), is in conflict with a state regulatory statute, Tex.Rev.Civ.Stat.Ann. art. 8817 (Vernon Supp.1985).

Ordinance 83–1812, sec. 28.73(B) provides:

(B) Permit Required. It shall be unlawful for any person or entity to own or operate a sexually oriented commercial enterprise located within the corporate limits of the City of Houston without a permit issued pursuant to the provisions of this section.

The appellant contends that the ordinance cannot constitute the basis of a probable right of recovery, because it acts as a prior restraint on the appellant's freedom of speech under the first amendment to the United States Constitution. In support of this contention, appellant cites *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981).

In *Schad*, the United States Supreme Court held that an ordinance prohibiting all live entertainment, including non-obscene nude dancing, violated the rights of free expression guaranteed by the first and fourteenth amendments of the U.S. Constitution. But the court expressly recognized in *Schad* that a zoning law may be upheld,

even though it infringes upon a protected activity, where the law is narrowly drawn to serve legitimate state interests and does not necessarily interfere with first amendment freedoms. 452 U.S. at 68 n. 7, 101 S.Ct. at 2183 n. 7.

■ The facts of this case distinguish it from *Schad* and from the other cases relied upon by the appellant. Here, the ordinance does not attempt to prohibit all live entertainment, but instead seeks only to establish a licensing system for the regulation of commercial enterprises catering to the sexual stimulation or sexual gratification of its customers. An ordinance is not invalid merely because it subjects the commercial exploitation of materials protected by the first amendment to licensing or zoning requirements. *See Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 62, 96 S.Ct. 2440, 2448, 49 L.Ed.2d 31 (1976).

■ Houston City Code Ordinance 83–1812, sec. 28.73(A) provides a comprehensive system for the issuance, denial, renewal, and revocation of permits for the operation of sexually oriented commercial enterprises in the City of Houston. The ordinance lists such enterprises under defined categories of "adult bookstore," "adult cabaret," "adult encounter parlor," "adult modeling studio," and as "any establishment whose major business is the offering to customers of a product or service which is intended to provide sexual stimulation or sexual gratification to such customers, and which is distinguished by or characterized by an emphasis on matters depicting, describing, or relating to specified sexual activities or specified anatomical areas." The ordinance provides that a permit will issue if it meets certain conditions, unless the enterprise is located within 750 feet of any school, church or place of worship, or within 1000 feet of another sexually oriented commercial enterprise, or within defined residential areas. The ordinance also specifies the types of signs, exterior painting, lights, and pictorial representations that may legally be used on the premises, and it prohibits persons younger than 17 years of age from access to the premises.

Ordinances similar to this one have been upheld against first amendment challenges. *See, e.g., Stansberry v. Holmes,* 613 F.2d 1285 (5th Cir.), *cert. denied,* 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 112 (1980). We hold that the ordinance does not operate as a prior restraint on free speech, and we overrule the appellant's point of error.

In its second point of error, the appellant contends that its business consists totally of coin-operated pleasure machines, which are subject to exclusive regulation by the Texas Amusement Machine Commission under the provisions of Tex.Rev.Civ.Stat. Ann. art. 8817 (Vernon Supp.1985).

Our review of the trial court's order is strictly limited to a determination of whether the trial court clearly abused its discretion in granting or denying the requested relief. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). The merits of the underlying case are not properly before us for review. *See Navarro Auto-Park, Inc. v. City of San Antonio,* 580 S.W.2d 339, 340 (Tex. 1979) (per curiam); *accord Iranian Muslim Organization v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex.1981).

■ Therefore, the question of whether art. 8817 exclusively regulates appellant's coin-operated machines is not properly before us, because the trial court's order is narrowly drawn to enjoin only those "live performances" which are intended to provide sexual stimulation or gratification. The court's order does not regulate the operation of appellant's mechanical video machines, nor does it prohibit appellant from using its coin-operated windows. Accordingly, the order is not in conflict with any authority of the Texas Amusement Machine Commission to regulate coin-operated pleasure machines.

We overrule appellant's second point of error.

■ At oral submission, appellant argues that the city ordinance may not regulate any business except as to location because of an amendment to Tex.Rev.Civ. Stat.Ann. art. 2372w, sec. 3b (Vernon Supp.

**356**

1985). That statute, which authorizes local governments to adopt regulations restricting the location of sexually oriented commercial enterprises, was amended effective April 3, 1985, to provide:

> Nothing in this Act is intended to authorize the regulation of any bookstore *or* movie theater, nor does this Act authorize regulation of any business named in subsection (a) of this section except as to location. (emphasis added)

Ch. 15, sec. 1, 1985 Tex.Gen.Laws 42.

Appellant argues that because the City's ordinance regulates more than the "location" of businesses, it is unconstitutionally overbroad. We are not persuaded by appellant's argument because the legislature left unchanged art. 2372w, sec. 1(a), (b), which provides the following:

> Findings and purpose
>
> Section 1. (a) The legislature finds that the unrestricted location of certain sexually oriented commercial enterprises may be detrimental to the public health, safety and welfare by contributing to the decline of residential and business neighborhoods and the growth of criminal activity. The purpose of this Act is to provide local governments a means of remedying this problem.
>
> (b) *This Act neither enhances nor diminishes the authority of local governments to regulate commercial enterprises covered by this Act with regard to matters other than their location.* (emphasis added)

Under Tex.Rev.Civ.Stat.Ann. art. 1175(22) (Vernon 1963), the City of Houston has authority "to regulate the location and control the conduct of theaters, moving picture shows, ten pin alleys, vaudeville shows, and all places of public amusements." This authority is not diminished by art. 2372w, which specifies only that the City may regulate the location of certain sexually oriented commercial enterprises. Accordingly, we hold that art. 2372w does not limit the City's authority to enact Ordinance 83–1812 for the regulation of sexually oriented enterprises.

We next consider the City's cross-point of error, in which it contends that the trial court abused its discretion in refusing to enjoin the appellant's entire operation. Under this cross-point, the City argues that the court's order permits the appellant to continue to operate a sexually oriented commercial enterprise, by using mechanical video machines, without first obtaining a valid license pursuant to Ordinance 83–1812, sec. 28.73.

▄▄▄ At a hearing upon a request for a temporary injunction, the only question before the trial court is whether the applicant is entitled to the preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. *Davis*, 571 S.W.2d at 862. An abuse of discretion is shown only when the evidence does not reasonably support the trial court findings, or when the law is misapplied to established facts. *See State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526, 528 (Tex.1975); *City of San Antonio v. Bee-Jay Enterprises, Inc.*, 626 S.W.2d 802 (Tex.App.—San Antonio 1981, no writ).

▄▄▄ In the instant case, although there is evidence concerning the nature of the live performances behind the coin-operated viewing windows, there is no evidence indicating the nature or content of the films on the mechanical video machines. The only evidence upon which the court could base its finding that appellant operated a sexually oriented commercial enterprise was from the testimony concerning the live performances.

There are no findings of fact or conclusions of law in this case, and we must uphold the trial court's judgment on any theory supported by the record. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). It was for the trial court to weigh and consider the evidence before it, and to determine what relief was necessary to preserve the status quo pending a final trial on the merits. *Davis*, 571 S.W.2d at 862. The trial court did not abuse its discretion in refusing to enjoin that part of appellant's business which was not shown to constitute a product or service intended to provide

sexual stimulation or sexual gratification to appellant's customers. We overrule the City's cross-point of error.

The judgment of the trial court is affirmed.