The STATE of Texas, Appellant,

v.

Francisca T. GARCIA, Appellee.

No. 04–90–00319–CR.

Court of Appeals of Texas, San Antonio.

Jan. 31, 1992.

Fred G. Rodriguez, Former Criminal Dist. Atty., Steven G. Hilbig, Criminal Dist. Atty., Juanita Vasquez, Jill Mata, Daniel Thornberry, Asst. Criminal Dist. Attys., San Antonio, Tex., for appellant.

Edward Camara, Robert Switzer, Switzer, Carroll & De Prado, San Antonio, Tex., for appellee.

Before REEVES, C.J., and PEEPLES and ONION, JJ.

## OPINION

ONION, Justice.[1]

The State appeals an order of the trial court dismissing the complaint and information charging the appellee with a Class B misdemeanor. *See* TEX.CODE CRIM. PROC.ANN. art. 44.01(a)(1) (Vernon Supp. 1991). The appellee was charged with the offense of owning or operating a sexually oriented commercial enterprise in Bexar County outside the corporate limits of a city on or about July 8, 1989, without a valid permit issued by the sheriff, an alleged violation of an order of the Commissioner's Court of December 14, 1981.

The county regulations in question were adopted by the Commissioner's Court of Bexar County pursuant to TEX.REV.CIV. STAT.ANN. art. 2372 (1979 Tex.Gen.Laws ch. 229, § 1 at 498).[2] The purpose of the statute was to provide local governments a

---

1. Presiding Judge, Retired, Court of Criminal Appeals, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. Article 2372w is set out in *Stansberry v. Holmes,* 613 F.2d 1285, 1290 (5th Cir.1980) (Appendix A), *cert. denied,* 449 U.S. 886, 101 S.Ct.

240, 66 L.Ed.2d 112 (1980). Article 2372w was repealed by 1987 Tex.Gen.Laws ch. 149 § 49(1) at 1307 effective Sept. 1, 1987. *Now see* TEX.LOCAL GOV'T CODE ANN. chapter 243 (Vernon Supp.1991).

means of regulating the location of certain sexually oriented commercial enterprises by authorizing cities by ordinance and counties by order of the Commissioners' Court to adopt regulations "restricting the location of massage parlors, nude studios, modeling studios, love parlors and other similar commercial enterprises whose major business is the offering of a service which is intended to provide sexual stimulation or sexual gratification to the customer." *See Lindsay v. Papageorgiou*, 751 S.W.2d 544, 545 (Tex.App.—Houston [1st Dist.] 1988, *writ denied*).

The order of the Commissioners' Court adopted December 14, 1981 is similar to the Harris County regulations set out in *Stansberry*, 613 F.2d at 1291 (Appendix B) and *Schope v. State*, 647 S.W.2d 675, 681 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd) (appendix). Tracking the statute, section 4(1) of the Bexar County Regulations provided:

(1) "Sexually Oriented Commercial Enterprise" means a massage parlor, nude studio, modeling studio, love parlor, escort service and any other similar commercial enterprise whose major business is the offering of a service which is intended to provide sexual stimulations or sexual gratification to the customer.

Section 5(a) exempted bookstores and movie theaters from the regulations. Section 6(a) provided:

(a) It shall be unlawful for any person to own or operate a Sexually Oriented Commercial Enterprise at a location in the parts of the county outside the corporate limits of a city without a valid permit issued therefor by the Sheriff in accordance with the provisions of these regulations.

Section 18 of the regulations provided that a violation of any provision of the regulations was a Class B misdemeanor.

Appellee filed an amended motion to dismiss the complaint and information in which she alleged inter alia, that the Commissioners' Court order was "unconstitutionally vague, unreasonable, overbroad," and did not apprise a citizen of what conduct is prescribed. Appellee complained that the county regulations did not define the terms "own" or "operate" or the statement "any other similar commercial enterprise whose major business is the offering of a service which is intended to provide sexual stimulation or sexual gratification to the customer," and thus did not convey a sufficiently definite warning as to what conduct is prescribed. Appellee cited no provision of the federal or state constitutions in her motion.

On May 31 and June 6, 1990, the trial court conducted hearings on the appellee's amended motion to dismiss. Neither the appellee nor the State offered any evidence. The hearings consisted of legal arguments on the motion. At the conclusion of the hearing on June 6, 1990, the trial court granted the amended motion to dismiss the complaint and information. On June 12, 1990, the trial court entered a written order expressly superseding any previous order of the court. The written order found that the Commissioners' Court order was:

"in violation of the laws and Constitutions of the State of Texas and the United States, in that, it is unconstitutionally vague, unreasonable, overbroad, and does not apprise a citizen of what conduct is proscribed in that the terms "own", "operate" and "major business" found within the order are not defined and therefore do not convey a sufficiently definite warning as to what conduct is proscribed, or whose conduct is to be regulated."

The order did not make reference to any provision of the federal or state constitutions.

In its sole point of error, the State urges that the trial court erred in granting appellee's motion to dismiss the State's pleadings.

■ It is clear that the appellee made a facial attack upon the Commissioners' Court order. Such facial challenge to a legislative act, ordinance or order is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under

which the act, ordinance or order would be valid. *Briggs v. State,* 789 S.W.2d 918, 923 (Tex.Crim.App.1990).

In *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1190–91, 71 L.Ed.2d 362 (1982), the United States Supreme Court wrote:

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications.

■ We turn first then to the trial court's finding that the order in question was "overbroad" and "unreasonable." It must be initially observed that an attack on a statute, ordinance or order as being overbroad is normally and traditionally reserved for complaints concerning First Amendment violations. *Bynum v. State,* 767 S.W.2d 769, 772 (Tex.Crim.App.1989). The United States Supreme Court has not recognized an "overbreadth" doctrine outside the limited context of the First Amendment. *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697, 707 (1987). In *Stansberry,* 613 F.2d at 1288, the court observed that the Harris County Regulations adopted under the authority of article 2372w did not attempt to zone businesses such as bookstores or movie theaters, which fall within the protection of the First Amendment, and that no First Amendment interests were at stake there. *See also Schope,* 647 S.W.2d at 679. The Bexar County Regulations likewise exempt bookstores and movie theaters, and we find no First Amendment interests at stake here.

■ It is true that a statute, ordinance or order is considered impermissibly overbroad if, in addition to proscribing activities which may constitutionally be forbidden, it sweeps within its coverage speech or conduct which is protected by the First Amendment. *Morehead v. State,* 807 S.W.2d 577, 580 (Tex.Crim.App.1991); *Bynum,* 767 S.W.2d at 772; *Clark v. State,* 665 S.W.2d 476, 482 (Tex.Crim.App.1984). However, if the questioned statute or ordinance proscribes both unlawful conduct and conduct protected by the First Amendment, this does not invariably mean that it will be considered overbroad in a constitutional sense. *Bynum,* 767 S.W.2d at 772. Only a statute that is substantially overbroad may be invalidated on its face. *City of Houston v. Hill,* 482 U.S. 451, 458, 107 S.Ct. 2502, 2508, 96 L.Ed.2d 398 (1987). The fact that the enforcement of a statute operates to prohibit and restrain freedom of speech does not itself mean that the statute is invalid. *Allen v. State,* 604 S.W.2d 191, 192 (Tex.Crim.App.1980).

■ In *Schad v. Borough of Mount Ephraim,* 452 U.S. 61, 68 n. 7, 101 S.Ct. 2176, 2183 n. 7, 68 L.Ed.2d 671 (1981), the court held that an ordinance prohibiting non-obscene nude dancing violated the rights of free expression guaranteed by the First and Fourteenth Amendments. The Court recognized, however, that a zoning law may be upheld, even though it infringes upon a protected activity, where the law is narrowly drawn to serve legitimate state interests and does not necessarily interfere with First Amendment freedoms. Thus, an ordinance is not invalid merely because it subjects the commercial exploitation of materials protected by the First Amendment to licensing or zoning requirements. *Young v. American Mini Theaters, Inc.,* 427 U.S. 50, 62, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976); *Jolar Cinema of Houston v. City of Houston,* 695 S.W.2d 353, 355 (Tex.App.—Houston [1st Dist.] 1985, no writ). The justification for the application of overbreadth analysis applies weakly, if at all, in the ordinary commercial context. *Bates v. State,* 433 U.S. 350, 380, 97 S.Ct. 2691, 2707, 53 L.Ed.2d 810 (1977). Time, place and manner regulations that are content-neutral are acceptable when they are designed to serve a substantial government interest and do not unreason-

ably limit alternative avenues of communication. *City of Renton v. Playtime Theaters, Inc.,* 475 U.S. 41, 46–47, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986). The county regulations in question are a content-neutral form of time, place and manner restriction. The reasonableness of similar county regulations and the substantial governmental interest involved has been discussed in *Stansberry,* 613 F.2d at 1289. Further, *Papageorgiou,* 751 S.W.2d at 549–50, has been decided contrary to any claim that the county regulations reach a substantial amount of conduct protected by article I, section 8 of the Texas Constitution. We do not find the Commissioners' Court order to "overbroad" or "unreasonable."

We now turn to the finding that the Commissioners' Court order in question is vague. All penal laws must give notice to the populace as to what activity is made criminal so as to provide fair notice to persons before making their activity criminal. *Bynum,* 767 S.W.2d at 773. Any statute, ordinance or Commissioners' Court order must be sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conducted is forbidden by the statute, ordinance or order, and to avoid the possibility of arbitrary and erratic arrests and convictions. *Papachristou. v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Stansberry,* 613 F.2d at 1289; *Gordon v. State,* 757 S.W.2d 496, 497 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). A provision need not, however, be cast in terms that are mathematically precise; it need only give fair warning of the conduct prescribed, in light of common understanding and practices. *Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1971). *Stansberry,* 613 F.2d at 1289; *Gordon,* 757 S.W.2d at 497.

The trial court's findings as to the vagueness challenge center on the fact that the terms "own", "operate" and "major business" are not defined in the county regulations or Commissioners' Court order. Clearly, a statute, ordinance or order is not unconstitutionally vague merely because the words or terms used are not specifically defined. *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App.1988). When words in a statute or ordinance are not defined they are ordinarily given their plain meaning without construction of penal laws or laws on other subjects, unless the statute or ordinance clearly shows that they were used in some other sense. *Daniels v. State,* 754 S.W.2d 214, 219 (Tex.Crim.App. 1988); *Botello v. State,* 720 S.W.2d 838, 840 (Tex.App.—San Antonio 1986, pet. ref'd, untimely filed). Whether the Code Construction Act (Tex.Gov't Code Ann. § 311.001, et seq.) (Vernon 1988) is applicable to a particular statute or ordinance, the code may be looked to for guidance in interpreting the provisions of the statute or ordinance. *McGlothlin v. State,* 749 S.W.2d 856, 857–58 (Tex.Crim.App.1988). Thus, words and phrases within a statute or ordinance must be read in the context in which they are used. TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988). Usually, the word or phrase must then be construed according to the rules of grammar and common usage, unless the word or phrase has acquired a technical or particular meaning. TEX.GOV'T CODE ANN. § 311.011(a), (b) (Vernon 1988).

The words "own" and "operate" as used in section 6(a) of the Commissioners' Court order, when given their plain meaning and read in context, "give clear notice of the permit requirements to those who own or run a business." *See Memet v. State,* 642 S.W.2d 518, 523 (Tex.App.— Houston [14th Dist.] 1982, pet. ref'd). The meaning of the word "operate" is to run a business. *Id.* "It is generally understood that the terms 'operator' and 'owner' indicate those parties who manage and control a business enterprise." *Courtney v. State,* 639 S.W.2d 16, 17 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). "Operating" a business is an act by one either in an ownership or management capacity and not a mere employee. *Schope,* 647 S.W.2d at 679–80.

The trial court in its findings concluded that the phrase "major business" is unconstitutionally vague.

By including the phrase "major business," the county commissioners have excluded businesses whose activities might incidentally cause sexual stimulation. Certainly no one would contend that the major business of an art school or dance studio was the provision of services intended for sexual gratification. Additional definiteness is provided by the fact that the section specifically list three types of regulated businesses—massage parlors—and applies the definition to "any other similar commercial enterprise." We find that this definition is sufficiently clear and provides adequate warning of the proscribed conduct.

*Stansberry*, 613 F.2d at 1290; *see also Memet*, 642 S.W.2d at 523. We conclude that the terms complained of are not unconstitutionally vague.

When challenging the constitutionality of a statute, ordinance or order, it is incumbent upon a defendant to show that in its operation the statute, ordinance or order is unconstitutional to her in her situation; that it may be unconstitutional as to others is not sufficient. *Bynum*, 767 S.W.2d at 774; *Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Cr.App.1987); *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Crim.App. 1981). The trial court's findings in the instant case could not have been based on the Commissioners' Court order's application to the appellee, as the appellee did not testify or offer any evidence to show her particular situation. In short, appellee has not shown how the facts of her case interact with the Commissioners' Court order. *State v. Szela, et al.*, 820 S.W.2d 200 (Tex. App.—Corpus Christi 1991). Further, the trial court cannot base its findings on hypothetical applications. *Briggs*, 740 S.W.2d at 806. We find that the Commissioners' Court order attacked by appellee is not facially unconstitutional. The trial court erred in so holding. The State's point of error is sustained.

Appellee seeks to raise on appeal a basis for the unconstitutionality of the Commissioners' Court order on which she secured no ruling from the trial court. Appellate courts will not decide constitutional issues on a broader basis than the record requires. *Parent*, 621 S.W.2d at 797; *see also Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Cr.App.1987). In an appeal by the State under article 44.01, the defendant has no right to an interlocutory cross-appeal. *Kost v. State*, 785 S.W.2d 936, 940 (Tex.App.—San Antonio 1990, pet. ref'd).

The dismissal order of the trial court is set aside, and the cause is remanded.