**Ex parte Juan MANRIQUE.**

**No. 04–00–00341–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 10, 2001.

William J. Kolb, Law Offices of William J. Kolb, Alice, TX, for Appellant.

Joe Frank Farza, District Attorney, Jim Wells & Brooks Counties, Alice, TX, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, PAUL W. GREEN, Justice.

GREEN, Justice.

■ Juan Manrique, charged with falsely holding himself out as a lawyer, challenges the constitutionality of the statute under which he was indicted. The trial court denied his writ of habeas corpus and this appeal followed.[2] We affirm the judgment of the trial court.

### Background

Manrique was indicted under TEX.PEN. CODE ANN. § 38.122, which states in pertinent part:

> (a) A person commits an offense if, with intent to obtain an economic benefit for himself or herself, the person holds himself or herself out as a lawyer, unless he or she is currently licensed to practice law in this state, another state, or a foreign country and is in good standing with the State Bar of Texas and the state bar or licensing authority of any and all other states and foreign countries where licensed.

*Id.* § 38.122(a) (Vernon 1994). The indictment charges Manrique held himself out as a lawyer by providing legal advice in connection with a lawsuit filed in the 79th Judicial District Court of Jim Wells County, Texas.

### Discussion

■ Manrique claims the phrase "holds himself or herself out as a lawyer" is unconstitutionally overbroad and vague on its face.[3] To address Manrique's contention, we begin with a presumption of validity. *Covalt v. State*, 877 S.W.2d 445,

---

**2.** An interlocutory appeal on writ of habeas corpus is allowed when the defendant claims the statute in question is unconstitutional on its face. *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex.App.—San Antonio 1998, no pet.) (citing *Ex parte Matthews*, 873 S.W.2d 40, 42 (Tex.Crim.App.1994)).

**3.** Manrique also contends, without argument or citation to authority, that he has been denied equal protection under the law because he, as an individual, is more likely to be prosecuted for violation of the statute than a corporation. Because he fails to provide any argument or authority, this point is waived. *See Dooley v. State*, 999 S.W.2d 796, 798 (Tex.App.—Tyler 1998, pet. ref'd); *Williams v. State*, 995 S.W.2d 754, 762 n. 4 (Tex.App.—San Antonio 1999, no pet.).

448 (Tex.App.—Houston [1st Dist.] 1994, no pet.). The burden is on the challenger of the statute. *Id.* This type of facial attack to a statute is difficult to mount successfully because the challenger must establish that no circumstances exist under which the act would be valid. *State v. Garcia,* 823 S.W.2d 793, 796–97 (Tex. App.—San Antonio 1992, pet. ref'd).[4]

### *Overbreadth*

■■■ The overbreadth doctrine has not been applied outside the limited context of First Amendment protected speech and the justification for its application applies weakly, if at all, in the ordinary commercial context. *Garcia,* 823 S.W.2d at 797. Where, as here, the regulation of the commercial enterprise, the practice of law, is a subject of legitimate and substantial government interest, the mere fact that regulation has an incidental impact on speech is not sufficient to render the statute invalid. *See id.* at 797–98; *see also Ohralik v. Ohio State Bar Assoc.,* 436 U.S. 447, 459, 98 S.Ct. 1912, 1920, 56 L.Ed.2d 444 (1978) (regulation of legal practice falls within legitimate State sphere); *State v. Sandoval,* 842 S.W.2d 782, 787 (Tex.App.—Corpus Christi 1992, pet. ref'd) (solicitation of remunerative employment by lawyer subject only to limited review). In reviewing the breadth of the statute, our first task is to determine whether the provision reaches a substantial amount of constitutionally protected speech. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1190–91, 71 L.Ed.2d 362 (1982). If it does not, the overbreadth challenge must fail. *Id.*

■■■ In this case, Manrique has cited no circumstances under which the statute at issue is overbroad. Instead, he offers examples of overbreadth contained in a statement by the State Bar of Texas Task Force on the Unauthorized Practice of Law with regard to proposed revisions to an altogether different set of statutes, TEX. GOV.CODE ANN. §§ 81.101, 81.102 & 83.001 (Vernon 1998). The Task Force expressed concern the proposed revisions would adversely affect "laypersons who gratuitously comment on legal matters and in-house lawyers licensed in other states who advise their employers." Neither of those groups is affected by § 38.122 under which Manrique is indicted. Purely gratuitous comments do not fall within the penal statute because an intent to gain economic benefit is an element of the crime. Lawyers licensed in other states are also clearly excluded from prosecution so long as they are in good standing with the State Bar of Texas and their own licensing bar or authority.

The statute affects only commercial speech in the context of employment as a lawyer; therefore, we hold it is not facially overbroad.

### *Vagueness*

■■■ Having concluded § 38.122 is not overbroad, we turn to Manrique's contention the statute is impermissibly vague, such that an ordinary citizen is not put on notice of what conduct is prohibited. A statute is not unconstitutionally vague merely because the words or terms are not defined. *Garcia,* 823 S.W.2d at 798. We interpret undefined terms by their plain meaning and within the context in which they are used. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991); *Garcia,* 823 S.W.2d at 798.

---

**4.** No factual record has been developed, therefore, any claim that the statute is unconstitutional as particularly applied to Manrique is premature and beyond the scope of the present review. *See State v. Sandoval,* 842 S.W.2d 782, 787 (Tex.App.—Corpus Christi 1992, pet. ref'd).

A lawyer is defined as "a specialist in or practitioner of law: one (as an attorney, counselor, solicitor, barrister, or advocate) whose profession is to conduct lawsuits for clients or to advise as to the prosecution or defense of lawsuits or as to legal rights and obligations in other matters." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1280 (1981). Thus it is relatively simple to conclude that a person who presents himself or herself as a specialist in law who is in the profession of advising as to the prosecution or defense of lawsuits or other legal rights and obligations is in violation of the law, if the person does so with the expectation of being paid and the person is not licensed by a proper authority. The most obvious violation is that posited by the State where person A, not licensed to practice law, tells another individual that person A is a lawyer and will represent the individual in court for a fee. Because there are circumstances under which the statute is clearly valid, we conclude the statute is not unconstitutionally vague on its face.

### Conclusion

Because we hold § 38.122 is neither unconstitutionally overbroad or vague on its face, we overrule Manrique's point of error and affirm the judgment of the trial court denying his application for writ of habeas corpus.