Shirley Lee **GUNN**, Appellant,

v.

**HARRIS METHODIST AFFILIATED HOSPITALS**, Appellee.

No. 2-94-024-CV.

Court of Appeals of Texas, Fort Worth.

Nov. 15, 1994.

Rehearing Overruled Dec. 13, 1994.

Marvin D. Snodgrass, Fort Worth, for appellant.

Gregory P. Blaies, Mark S. Dugan, Decker, Jones, McMackin, McClane, Hall & Bates, Fort Worth, for appellee.

Before LATTIMORE, WEAVER and DAY, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal from the trial court's granting of summary judgment in favor of Harris Methodist Affiliated Hospitals ("Hospital").

We affirm.

On January 9, 1991, Shirley Lee Gunn slipped on a wet floor and fell in the hallway of a building located at 1301 Pennsylvania Avenue, Fort Worth, Tarrant County, Texas. As a result of the fall, Gunn suffered injuries for which she instituted this premises liability suit. In her original petition, Gunn alleged that the Hospital "owned, occupied, and maintained" the building in which she fell. Gunn further alleged that because she was an invitee, the Hospital owed her a duty to use ordinary care, including the duty to protect and safeguard her from unreasonably dangerous conditions on the premises. The Hospital filed a sworn denial claiming that it was not liable in the capacity in which it was sued, and that there was a defect of parties in the case. The Hospital also filed a motion for summary judgment with supporting affidavit claiming it does not own, maintain, or operate the premises in which Gunn was injured. Gunn then filed an untimely response to the Hospital's motion. The trial court granted summary judgment in favor of the Hospital after finding a fatal defect in the parties to the lawsuit.

In three points of error, Gunn contends that the trial court erred in granting summary judgment because (1) the Hospital never denied that it occupied the premises where the injury occurred, (2) the pleadings raise genuine issues of material fact, and (3) the Hospital failed to meet its burden of proving it owed no "duty" to Gunn. The dispositive issue common among these points of error is whether by occupying the premises where Gunn was injured, the Hospital thereby owed her a duty of reasonable care.

■■■ In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* TEX.R.CIV.P.

166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). In particular, the standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no issue of fact about one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex. 1990), and all doubts about the existence of a genuine issue to a material fact are resolved against movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co.*, 391 S.W.2d at 47.

■ This court may only consider the evidence on file before the trial court at the time of the summary judgment hearing. *Gandara v. Novasad*, 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ). Gunn filed a late response to the Hospital's motion for summary judgment, and there is nothing in the record to indicate the trial court granted leave to file it. This situation gives rise to the presumption that the trial court did not consider the response, and the appellate court, therefore, cannot consider the response. *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490–91 n. 1 (Tex.1988); *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985). Absent a response by the non-movant, only the legal sufficiency of the movant's evidence may be challenged on appeal. *Clear Creek Basin Auth.*, 589 S.W.2d at 678; *Waddy v. City of Houston*, 834 S.W.2d 97, 101 (Tex.App.—

Houston [1st Dist.] 1992, writ denied). Although unartfully worded, Gunn's three points of error appear to attack the sufficiency of the Hospital's summary judgment evidence as not supportive of the trial court's judgment.

■ Citing slip and fall premises liability cases in support of her claim, Gunn argues that the Hospital, as owner and occupier of the premises, owed her a duty to keep the premises reasonably safe and eliminate conditions that pose an unreasonable risk of harm. To prevail under a negligence theory, Gunn is required to prove the following elements of a premises liability cause of action: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992); *Hernandez v. Kroger Co.*, 711 S.W.2d 3, 4 (Tex.1986); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983).

■ As with any negligence-based cause of action, the threshold inquiry in this case is duty. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). The question of duty turns on the foreseeability of harmful consequences, which is the underlying basis for negligence. *Corbin*, 648 S.W.2d at 296.

■ Generally, an owner or occupier of land has a duty to use reasonable care to keep the premises under his control in a safe condition. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex.1985); *Smith v. Henger*, 148 Tex. 456, 226 S.W.2d 425, 431 (1950). *See also, Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324–25 (Tex.1993). In Texas, the duty owed by a premises owner or occupier is determined by the status of the complaining party. An "invitee" is "one who

enters on another's land with the owner's knowledge and for the mutual benefit of both." *See Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975); *Graham v. Atlantic Richfield Co.*, 848 S.W.2d 747, 751 (Tex.App.—Corpus Christi 1993, writ denied). If a plaintiff is an invitee, the premises owner or occupier has a duty to keep the premises in a reasonably safe condition and to inspect the premises to discover any latent defects and to make safe any defect or give adequate warning. *Corbin*, 648 S.W.2d at 295; *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 455 (Tex.1972).

The parties do not dispute Gunn's status as an invitee. Instead, the focus of this dispute centers on who actually owed Gunn the duty of reasonable care. Gunn alleged in her original petition that the Hospital owned, occupied, and maintained the premises where she was injured. These allegations set forth the foundation for Gunn's claim that the Hospital owed her a duty to keep the premises reasonably safe and free from latent defects. In its motion for summary judgment, the Hospital denied owning, operating, and maintaining the premises, but never directly addressed the issue of occupancy. Gunn argues that by not denying that it occupied the premises, the Hospital failed to meet its burden of disproving "duty" as an essential element of her negligence claim. Contrary to Gunn's position, however, we hold that the Hospital's failure to use the specific term "occupy" in its motion for summary judgment and supporting affidavit was not a fatal flaw. In fact, our review of the case law reveals that the critical inquiry does not focus on occupancy, but on "control" over the premises.

Restatement (Second) of Torts § 328E (1965) defines "owner or occupier" in terms of "possessor":

A possessor of land is

(a) a person who is in occupation of the land with intent to control it or

(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Id.* The standard of conduct required of a premises occupier toward his invitees is the ordinary care that a reasonably prudent person would exercise under all the pertinent circumstances. *See* Restatement (Second) of Torts § 343 (1965); *Corbin*, 648 S.W.2d at 295. This duty only arises, however, for an *occupier with control* of the premises. *See Redinger*, 689 S.W.2d at 417; *Sem v. State*, 821 S.W.2d 411, 414–15 (Tex.App.—Fort Worth 1991, no writ); *Chevron U.S.A., Inc. v. Lara*, 786 S.W.2d 48, 49 (Tex.App.—El Paso 1990, writ denied).

We recognize that the phrase "occupier of premises" has been interpreted in Texas to mean the party *in control* of the premises. *Howe v. Kroger Co.*, 598 S.W.2d 929, 930 (Tex.Civ.App.—Dallas 1980, no writ). However, a party may occupy a premises, in whole or in part, without actually controlling it. Therefore, instead of focusing on the term "occupy" as Gunn argues, we must review the Hospital's summary judgment evidence to determine if, as a matter of law, it proves that the Hospital did not exercise control over the premises. *See Wal-Mart Stores, Inc.*, 868 S.W.2d at 324–25.

The Hospital's only summary judgment evidence consisted of uncontroverted testimony of an interested witness, Howard McMahan, a vice-president of the Hospital. Rule 166a of the Texas Rules of Civil Procedure permits the granting of summary judgment based solely on such evidence if it "is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R.Civ.P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989). After reviewing McMahan's affidavit, we hold this standard is met in the instant case. In his affidavit, McMahan states that the Hospital did not own, operate, or maintain the premises where Gunn was injured. Admittedly, the affidavit fails to specifically deny that the Hospital "occupied" or "controlled" the premises where Gunn was injured. However, from the terminology used in the affidavit, a party should easily infer a lack of control.

The term "control" is defined as the power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee. BLACK'S LAW DICTIONARY 298 (5th ed. 1979). Further, the meaning of words "operate" and "own" are generally understood to indicate an ability to manage and control. *See American Fidelity & Casualty Co. v. Traders & General Ins. Co.,* 334 S.W.2d 772, 775 (Tex.1959); *State v. Garcia,* 823 S.W.2d 793, 798 (Tex.App.—San Antonio 1992, pet. ref'd). Given that the terms operate and own are synonymous with control, we hold that the Hospital's summary judgment evidence was sufficient to disprove Gunn's allegation that the Hospital occupied and controlled the premises and thereby owed her a duty of reasonable care. Further, we believe that the testimony contained in the McMahan affidavit is of a nature that could be effectively countered by opposing, independent evidence of control. As we stated earlier, however, Gunn failed to timely respond to the Hospital's motion for summary judgment and offer such controverting evidence.

Thus, after considering the uncontroverted summary judgment evidence, we conclude that the trial court was correct in granting summary judgment in favor of the Hospital because no genuine issues of material fact remain in dispute. Accordingly, points of error one, two, and three are overruled.

We affirm the judgment of the trial court.