Opinion issued November 20, 2008









Opinion issued
November 20, 2008

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-01010-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CHARLENE CARTER, Appellant

 

V.

 

CITY OF GALVESTON, Appellee

 

 



On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 07CV0705

 








 

 

 



MEMORANDUM OPINION

Charlene Carter appeals
the trial court’s dismissal order, rendered on its granting of the City of Galveston’s jurisdictional plea. Carter contends that the trial court erred in granting Galveston’s plea because a premises defect on property owned by Galveston caused Carter’s
injuries, a claim from which Galveston is not immune. Carter further contends
that the trial court improperly considered evidence submitted by Galveston.  We conclude that the trial court properly granted the plea and therefore affirm.

Background

 

          In August 2006, after her
employer called a fire drill, Carter exited the University of Texas Medical Branch building and crossed the street to an adjoining sidewalk near 19th Street and Harborside Drive in Galveston.  Carter tripped and fell over a pipe that
protruded approximately six inches above the sidewalk.  She broke her left
wrist and incurred multiple bruises. She sued Galveston, alleging that it was
negligent in failing to maintain the sidewalk.

          Galveston answered and
filed a plea to the jurisdiction, attaching evidence showing that the sidewalk
on which Carter was injured was controlled and managed by the Port of Galveston, not the city. The evidence includes an affidavit from Lloyd Rinderer, the
risk manager and assistant city manager of the city, in which he stated that Galveston had leased the sidewalk where Carter fell to the Board of Trustees of the
Galveston Wharves.  Galveston also attached an affidavit from Barbara Lawrence,
the City Secretary, who verified (1) a copy of an “Ordinance of the City of
Galveston” which transferred the Port of Galveston to the Board of Trustees of
the Galveston Wharves as a separate entity, and (2) a copy of Article XII of
the City Charter of the City of Galveston which designates the Galveston
Wharves as a separate entity that controls the Port of Galveston and authorizes
its Board of Trustees to make such expenditures for the maintenance and repair
of the entire dedicated area.

          In her response to Galveston’s plea, Carter contends that Galveston “could not, in the exercise of its
ownership, deviate in any respect from the public use of the property,” and
therefore, Galveston remained in control of the sidewalk and easement.  The
trial court granted the plea. 

Consideration of Evidence

Carter contends that the trial court
improperly considered Galvestons’s evidence in the plea to the jurisdiction. 
She points to the Lawrence affidavit with Chapter XII of the City Charter, the
Rinderer affidavit, and a letter from Zurich Insurance Company which Galveston submitted in support of its plea.  In considering the merit of a plea to the
jurisdiction, however, a trial court may consider evidence, and is not limited
to the plaintiff’s allegations.  Tex. Dep’t of Parks and Wildlife v.
Miranda, 133 S.W.3d 217, 223 (Tex. 2004).  

Here, the evidence that the trial
court considered addresses the issue of whether the site of Carter’s accident
was within the control of the City of Galveston.  If Galveston did not control
the property, then its sovereign immunity is not waived. See County of
Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002) (holding that, to assert a
premises claim, a plaintiff must show that the defendant owned, occupied, or
controlled the premises where the injury occurred). The trial court therefore
did not err in considering Galveston’s evidence.  Miranda, 133 S.W.3d
at 223 (holding that trial court may consider evidence raised to the extent
it implicated trial court jurisdiction).

Plea to the Jurisdiction

 

          Carter contends that Galveston is not immune from suit because she alleges a special, or at minimum, a regular
premises defect of city-owned property, a claim for which the Legislature has
waived sovereign immunity.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).  In such a case, the trial court has
jurisdiction to resolve the claim. Galveston responds that it does not control
the Galveston Wharves and the sidewalks within it and thus it is immune from
suit.

 

A. Standard of Review

In a suit against a governmental
unit, the plaintiff must affirmatively demonstrate the court’s subject-matter
jurisdiction by alleging a valid waiver of immunity.  Dallas Area
Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  To determine
whether the plaintiff has met that burden, we consider the facts alleged by the
plaintiff and, to the extent it is relevant to the jurisdictional issue, the
evidence submitted by the parties.  Id. (quoting Tex. Natural Resource Conservation Comm’n v. White,
46 S.W.3d 864, 868 (Tex. 2001)). We review a trial court’s ruling on a
jurisdictional plea de novo, construing the pleadings in the plaintiff’s favor
and looking to the pleader’s intent.  Miranda, 133 S.W.3d at 226; Tex. Nat. Resource Conservation Comm’n v. IT-Davy,
74 S.W.3d 849, 855 (Tex. 2002).

B.
Analysis

 

The duty owed by a governmental
entity for a premises defect is “the duty that a private person owes to a
licensee on private property.”  Tex.
Civ. Prac. & Rem. Code Ann. § 101.022 (Vernon 2005).
In both a regular premises defect case and a special defect case, the duty of
care “arises only for an occupier with control of the premises.”  Gunn v.
Harris Methodist Affiliated Hosps., 887 S.W.2d 248, 251 (Tex. App.––Forth
Worth 1994, writ denied). 

Carter does not dispute that the
sidewalk was within the Port of Galveston, an area controlled by Galveston
Wharves.  Carter contends, rather, that because Galveston retained ownership of
the Galveston Wharves, it is still liable for any injuries due to a premises
defect that occurred there. We disagree. “Ownership of property is not
synonymous with control” over it.  De Leon v. Creely, 972 S.W.2d 808,
812 (Tex. App.––Corpus Christi 1998, no pet.).  Rather, “an owner or occupier”
of a premises is defined in terms of a possessor. Gunn, 887 S.W.2d at
250 (citing Restatement (Second) of Torts § 328E (1965)).  A possessor of land
is one in occupation of the land with intent to control it, one formerly in
occupation of the land with intent to control it, if no other person has
subsequently occupied it with intent to control it, or one entitled to
immediate possession, if no one else actually possesses the land.  Id. at 251.

          Although the City of Galveston owns the Port of Galveston roadways and facilities, these properties “have been
set apart as a separate utility known as the Galveston Wharves.”  City of Galveston v. Hill, 519 S.W.2d 103, 103 (Tex. 1975).  The Galveston Wharves is
established as a separate governmental unit that has sovereign immunity.  Lake
 Charles Harbor & Terminal Dist. v. Bd. of Trustees of Galveston Wharves,
62 S.W.3d 237, 246 (Tex. App.––Houston [14th Dist.] 2001, pet. denied).  Galveston submitted evidence showing that power was vested in the Galveston Wharves Board
of Trustees to manage, maintain, and control the Galveston Wharves, including
all oversight over any additions, improvements, or extensions that are made.  See
also Hill, 519 S.W.2d at 105 (noting that the Board of Trustees of the
Galveston Wharves has been explicitly vested with governmental functions). 
Carter did not submit any controverting evidence.  

Although Galveston retained ownership
of the Galveston Wharves, it did not retain the requisite control over the
premises that could invoke a duty of care.  The Galveston Wharves, not the City
of Galveston, was responsible for maintaining the sidewalk.  Because the City
of Galveston did not have control over the premises, it could not be liable as
a private person and thus, its governmental immunity is not waived.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.022 (Vernon 2005).  




Conclusion

We hold that the City of Galveston established governmental immunity in its plea to the jurisdiction, and thus the
trial court properly granted the plea. We further hold that the trial court did
not abuse its discretion in considering the evidence proffered in support of
the plea. Accordingly, we affirm the order of the trial court.

 

 

Jane Bland

                                                                   Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.