**Affirmed in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions filed August 8, 2013.**



In The

# Fourteenth Court of Appeals

---

NO. 14-12-00066-CV

---

**IGNAZIO LA CHINA, Appellant**

**V.**

**THE WOODLANDS OPERATING COMPANY, L.P. D/B/A THE WOODLANDS RESORT & CONFERENCE CENTER, MS TWC, INC., WECCR, INC. D/B/A THE WOODLANDS RESORT & CONFERENCE CENTER, THE WOODLANDS COMMERCIAL PROPERTIES COMPANY, L.P., WECCR GENERAL PARTNERSIP, MS HOSPITALITY, L.P., AND MND HOSPITALITY, INC., Appellees**

---

**On Appeal from the 9th District Court
Montgomery County, Texas
Trial Court Cause No. 11-06-06810-CV**

---

## DISSENTING OPINION

A water-park patron who suffered injuries as a result of a collision on a waterslide asserted premises-liability negligence claims against three defendants. These defendants sought a traditional summary judgment on only one ground— that they owe no legal duty to the plaintiff because they are not the owners, lessors, lessees, or managers of the location identified in the plaintiff's petition, nor the employers of persons working there. The trial court granted summary judgment. The only evidence offered in support of the motion was a two-page affidavit containing conclusory statements, which cannot be the basis for a summary judgment. Even if the defendants had proved conclusively that they did not occupy the role of owner, lessor, lessee, or manager of the location and were not the employer of the persons working there, that would not negate the element of duty as a matter of law. Therefore, this court should reverse and remand the trial court's summary judgment as to these three defendants.

***The trial court granted a one-ground motion for traditional summary judgment based on a two-page conclusory affidavit.***

While patronizing a water park at The Woodlands Resort and Conference Center, appellant/plaintiff Ignazio La China collided with another patron on a waterslide and sustained injuries to his nose and back. Exactly two years later, La China brought suit against The Woodlands Operating Company, L.P., d/b/a The Woodlands Resort & Conference Center; MS TWC, Inc.; and WECCR, Inc. d/b/a/ The Woodlands Resort & Conference Center (collectively, the "Original Defendants"), asserting claims for negligence and gross negligence. La China alleged the Original Defendants did not have an employee at the top of the waterslide to regulate traffic and that they failed to reasonably and prudently protect the safety of water-park patrons.

2

The Original Defendants did not move for a no-evidence summary judgment, but they did file a motion for traditional summary judgment in which they made the following assertions:

> The [Original Defendants] file this Motion for Summary Judgment because they are not the owners, lessors, lessees, or managers of the location complained of by Plaintiff, nor the employer of persons working there.
>
> . . .
>
> It is black letter law that one who is not the owner, lessor, lessee, employer at the premises or manager of a premises does not owe a legal duty to persons on that premises.
>
> . . .
>
> In order to succeed in establishing that [the Original Defendants] had a legal duty to Plaintiff, [the Original Defendants] must be the owners, lessors, lessees, employers at the location or managers of the location where the incident is alleged to have occurred.
>
> [The Original Defendants] are not the owners, lessors, lessees, employers at the location, or managers of the location where the incident is alleged to have occurred, *see Affidavit of A. Karen West*, attached as Exhibit A, hereto. [The Original Defendants] have no duty associated with that property. Accordingly, they cannot be liable to Plaintiff as a matter of law.

The only evidence submitted in support of this motion was the two-page affidavit of A. Karen West. La China opposed this motion and objected that the statements in the West affidavit are conclusory. The trial court granted the Original Defendants' motion and dismissed La China's claims against them. On appeal, La China asserts that the trial court erred in granting summary judgment.

***Because the statements in the West affidavit are conclusory, they are incompetent to support the trial court's summary judgment.***

Under the Original Defendants' sole summary-judgment ground, they would owe no legal duty to La China as a matter of law if they are not the owners, lessors, lessees, or managers of the location in question, nor the employers of persons working at that location. To prove their entitlement to summary judgment under this ground, the Original Defendants rely upon the following statements from West's affidavit:

> 3. The Woodlands Operating Company, L.P., MS TWC, Inc., and WECCR, Inc. are not the owners, lessors, lessees, or managers of the location complained of by [La China] in his petition, nor the employer [sic] of persons working there;
>
> 4. The Woodlands Commercial Properties Company, L.P. is the owner of that location;
>
> 5. WECCR General Partnership is the lessee of that location;
>
> 6. MS Hospitality, L.P. is the Manager of that location[; and]
>
> 7. MND Hospitality, Inc. is the employer at that location.[1]

A statement is conclusory if it provides a conclusion but does not provide the underlying facts to support the conclusion.[2] *See Pipkin v. Kroger Texas, L.P.*,

---

[1] In her affidavit, West also states that The Woodlands Operating Company, L.P. and WECCR, Inc. do not do business as The Woodlands Resort & Conference Center. Even if these statements are not conclusory, they do not show that either defendant is not the owner, lessor, lessee, or manager of the location identified by La China in his petition, or the employer of persons working there.

[2] The majority quotes a definition of "conclusory" from Black's Law Dictionary that is quoted in a parenthetical in a long citation in *Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008). The majority suggests that the Supreme Court of Texas adopted this definition in that case. *See ante* at p. 5. Though the *Arkoma Basin* court cited various authorities, including Black's Law Dictionary, that court did not address the proper definition of "conclusory" or "conclusory statement." *See Arkoma Basin Exploration Co.*, 249 S.W.3d at 389.

383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). A statement may be conclusory either because it sets forth an unsupported legal conclusion or because it sets forth an unsupported factual conclusion. *Pipkin*, 383 S.W.3d at 670. Statements in an affidavit that recite the legal standard asserted in the motion for summary judgment are conclusory. *See Doherty v. The Old Place, Inc.*, 316 S.W.3d 840, 844–45 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Brookshire Katy Drainage Dist. v. The Lily Gardens, LLC*, 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Conclusory statements are incompetent and insufficient to support or defeat a motion for summary judgment. *See Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991). General statements are convenient but lack the authority of particular facts.[3]

The first statement (paragraph 3) quoted above is simply a recitation of the legal standard asserted by the Original Defendants in their motion for summary judgment. As such, this statement is conclusory and cannot be used to support the trial court's judgment. *See Doherty*, 316 S.W.3d at 844–45; *Brookshire Katy Drainage Dist.*, 333 S.W.3d at 308; *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 837 (Tex. App.—Dallas 2005, no pet.). The above-quoted statements provide conclusions that (1) none of the Original Defendants are the owner, lessor, lessee, or manager of the location about which La China complains in his petition, nor the employer of persons working there, and (2) an entity other than the Original Defendants is the owner, lessor, lessee, or manager of that location, and the

---

[3] Paraphrased from a quote by Oliver Wendell Holmes, Sr. *See* Oliver Wendell Holmes, Sr., *The Poet at the Breakfast Table* 10 (1872) ("A wise man recognizes the convenience of a general statement, but he bows to the authority of a particular fact.").

employer of persons working there. But, the West affidavit does not provide the underlying facts to support these conclusions. Nor does the West affidavit address the location about which La China complains in his petition. Is it The Woodlands Resort & Conference Center or the waterslide on which La China was injured or the real property on which this waterslide is located? The affidavit does not contain facts supporting West's conclusion that none of the Original Defendants are owners of the property. The affidavit reflects that West is an officer of The Woodlands Operating Company, L.P. ("Woodlands Operating") but does not show that West has any connection with MS TWC, Inc. or WECCR, Inc. Does West base her conclusion that the Original Defendants are not owners on the personal knowledge that she obtained in the course of fulfilling her responsibilities as Vice President and General Counsel of Woodlands Operating? Does West base this conclusion on business records that purport to reflect the property owned by the Original Defendants? Did West conduct a title search in the Montgomery County real property records or review documents reflecting a title search by someone else? Does West base this conclusion on statements made to her by others, and if so, by whom? Does West base this conclusion on a blog entry that she read on the internet? Ownership of property or lack thereof is not something that can be observed by the five senses, and conclusions of ownership or lack of ownership must be supported by underlying facts. *See Geiselman v. Cramer Financial Group, Inc.*, 965 S.W.2d 532, 536–38 (Tex. App.—Houston [14th Dist.] 1997, no pet.). The West affidavit is devoid of necessary facts to support West's statements.

In her affidavit, West does not supply the facts underlying her conclusions that, when she executed her affidavit, entities other than the Original Defendants were the owner, lessor, lessee, or manager of the location made the subject of La China's petition, or the employer of persons working there. In addition, West does

6

not identify the owner, lessor, lessee, or manager of that location, or the employer of persons working there at the time La China was injured on the waterslide, more than two years before West executed her affidavit. Because West failed to supply the facts underlying her conclusions, the statements in her affidavit are conclusory and provide no basis for affirming the trial court's summary judgment.[4] *See Anderson*, 808 S.W.2d at 55 (holding affidavit containing legal conclusions was insufficient to support traditional summary judgment in favor of defendant); *Olivares v. Brown & Gay Engineering, Inc.*, No. 14-12-00198-CV, —S.W.3d—, —, 2013 WL 1775998, at *6 (Tex. App.—Houston [14th Dist.] Apr. 25, 2013, no pet. h.) (holding that statements in affidavit that one defendant controlled and directed the work of another defendant were conclusory); *Doherty*, 316 S.W.3d at 844–45 (holding that statements in affidavit attempting to show that party held title to certain real property were conclusory and did not raise fact issue in trespass to try title action); *Geiselman*, 965 S.W.2d at 536–38 (holding that evidence was

---

[4] The majority relies upon two cases in support of the proposition that a bare statement that an entity owns property is not conclusory. *See ante* at p.7 (citing *Nguyen v. Citibank N.A.*, —S.W.3d—,—, No. 14-12-00153-CV, 2013 WL 3192884, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2013, no. pet. h.); *Cannon v. Texas Indep. Bank*, 1 S.W.3d 218, 225 (Tex. App.—Texarkana 1999, pet. denied)). These cases do not support this proposition and involve summary-judgment proof different from that in the case under review. *See Nguyen*, 2013 WL 3192884, at *3 (involving affidavit in which employee and records custodian of plaintiff (1) identified defendant's account as being owned by plaintiff, (2) stated that plaintiff's business records reflect the activity on defendant's account, including charges, payments, interest, and balances due, (3) authenticated and attached to the affidavit numerous billing statements that affiant testified had been sent to the defendant by the plaintiff), and (4) stated that the plaintiff is the party to whom the delinquent debt is due); *Cannon*, 1 S.W.3d at 225 (involving testimony by bank vice president in both affidavit and deposition that bank was the current owner and holder of the note and testimony that (1) after an attempted foreclosure sale by the bank as servicing agent of the Federal National Mortgage Association ("Fannie Mae"), Fannie Mae required the bank to repurchase the note, which the bank did in June 1997, (2) when Fannie Mae sold the note back to the bank, indorsement of the note was not necessary because the bank had indorsed the note in blank when it sold the note to Fannie Mae).

insufficient to prove that alleged assignee of notes was the owner of the notes, despite conclusory statement in affidavit that alleged assignee was the owner of the notes).  Because West's statements are the only evidence supplied by the Original Defendants in support of their summary-judgment motion and because these statements do not show that these defendants are entitled to summary judgment, this court should reverse the trial court's judgment as to the Original Defendants.[5] *See Anderson*, 808 S.W.2d at 55.

**Even if the statements in the West affidavit are not conclusory, the trial court erred in granting summary judgment as to the Original Defendants.**

In their motion, the Original Defendants asserted a single ground that was based on the proposition that a defendant in a premises-liability case, as a matter of law, does not owe the plaintiff a negligence duty if the defendant is not the owner, lessor, lessee, or manager of the location made the subject of the plaintiff's petition, nor the employer of persons working there.  La China's negligence theory is a nonfeasance theory based upon the defendants' failure to take measures to

---

[5] La China also asserts that West failed to show how she had personal knowledge of the statements she made as to all entities other than Woodlands Operating.  In a recent case from this court, a closely divided en banc court held that an affidavit's failure to affirmatively show how the affiant has personal knowledge of the statements contained therein is a defect of form, and under this reasoning of the en banc majority, La China waived the complaint by failing to obtain a ruling on his objection in the trial court.  *See Washington DC Party Shuttle, LLC v. IGuide Tours, LLC,* No. 14-12-00303-CV, —S.W.3d—,—, 2013 WL 3226768, at *10 (Tex. App.— Houston [14th Dist.] June 27, 2013, no pet. h.) (en banc).  Though this case was transferred from the Ninth Court of Appeals to this court, research has not revealed any precedent from the transferor court inconsistent with the five-justice en banc majority opinion in *Washington DC Party Shuttle*.  *See* Tex. R. App. P. 41.3.  Thus, this panel is bound by the majority opinion in *Washington DC Party Shuttle*. But, if the Supreme Court of Texas were to agree with the en banc dissenting justices in *Washington DC Party Shuttle*, then the West affidavit's failure to affirmatively show how West has personal knowledge as to the statements regarding all entities other than Woodlands Operating would be another basis for reversing as to MS TWC, Inc. and WECCR, Inc., and perhaps as to Woodlands Operating.  *See Washington DC Party Shuttle, LLC*, —S.W.3d at —, 2013 WL 3226768, at *17–20 (Frost, J., dissenting).

8

make the property safe, rather than a malfeasance theory based on affirmative, contemporaneous conduct by the defendants that allegedly caused the injury. Thus, La China's negligence claim is based on a premises-liability theory rather than a negligent-activity theory. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). To prove, as a matter of law, that they owed La China no negligence duty, the Original Defendants, at a minimum, had to prove, as a matter of law, that they did not own, occupy, or control the premises in question at the time of the accident. *See Wilson v. Texas Park & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) (holding that, under a premises-liability theory, negligence duty is owed by person who owns, occupies, or controls the premises where the injury occurred); *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324 (Tex. 1993) (holding that defendant who had control over premises where injury occurred owed negligence duty under premises-liability theory). Significantly, the Original Defendants did not assert in their motion that they were not occupiers of the location in question or that they did not control the premises where the accident occurred.[6]

---

[6] The majority asserts that this dissent addresses an issue not asserted or briefed by La China. *See ante* at p.8. The Supreme Court of Texas has stressed that appellate courts must construe an appellant's brief "reasonably, yet liberally" so as to "reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). *See also Ditta v. Conte*, 298 S.W.3d 187, 189–90 & n.5 (Tex. 2009) (broadly construing the issues presented in petitioner's petition for review in light of brief to include an argument not expressly contained in the petition for review or the brief). In his appellant's brief, La China argues that the trial court erred in granting summary judgment based on the West affidavit and asserts that summary judgment is proper only if the Original Defendants establish that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. La China's brief is sufficient to assert the argument that the West affidavit does not conclusively prove the Original Defendants' entitlement to summary judgment. *See Ditta*, 298 S.W.3d at 189–90; *Perry*, 272 S.W.3d at 587. Concluding otherwise not only undermines the high court's directive but also contravenes the practice and precedent of this court. *See, e.g., Speedy Stop Food Stores, Ltd. v. Reid Road Municipal Util. Dist.*, 282 S.W.3d 652, 655 (Tex. App.—Houston [14th Dist.] 2009) (liberally construing appellant's brief to include challenge to trial court's order striking

The legal proposition advanced in the Original Defendants' motion suffers from at least two deficiencies. First, without citing any cases in support of the proposition, the Original Defendants presume that a party who is not an owner, lessor, lessee, or manager of the premises and who does not employ anyone working there, cannot ever occupy or control the premises in question. But, the Supreme Court of Texas has not taken such a narrow view. Under the high court's precedent, a party who undertakes to perform services on a property yet fails to perform those services may be deemed to have sufficient control over the property for the imposition of a negligence duty, even though the party does not fall within any of the categories listed in the Original Defendants' motion. *See County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (holding plaintiff sufficiently pleaded negligence duty under premises-liability theory based upon allegations that defendant had undertaken to maintain the premises, even though defendant was not the owner, lessor, lessee, or manager of the premises and did not employ anyone working there); *Brenham Housing Auth. v. Davies*, 158 S.W.3d 53, 59–60 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (recognizing that defendant who was not owner, lessor, lessee, or manager of the premises and did not employ anyone working there could owe negligence duty under premises-liability theory), *abrogated in part on other grounds by*, *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 n.3 (Tex. 2012). The Original Defendants' motion and evidence are based upon a false premise—that only owners, lessors, lessees, managers, or employers of

---

summary-judgment affidavit even though the appellant did not expressly state this argument but instead argued the affidavit raised a genuine issue of material fact), *aff'd*, 337 S.W.3d 846 (Tex. 2011).

people working on the property may be occupiers of the property or people who have control over the property.[7] Others also potentially fall into that category.

For example, the owner of the waterslide might have had a contract with one of the Original Defendants for that defendant to serve as "waterslide safety coordinator" with the right to control the flow of patrons down the waterslide, but that defendant might have chosen not to send any of its employees to work at the waterslide.[8] Thus, the Original Defendants' summary-judgment ground is based on a legal standard that does not accurately reflect Texas law.[9]  *See County of Cameron*, 80 S.W.3d at 556; *Wilson*, 8 S.W.3d at 635; *Alexander*, 868 S.W.2d at 24; *Brenham Housing Auth.*, 158 S.W.3d at 59–60.  This is a fatal defect.  And, it is not the only one.

---

[7] The motion and affidavit adopt a static, categorical analysis not supported by the caselaw.  In the motion and affidavit, the Original Defendants and West essentially assert that another entity is the "owner," "lessor," "lessee," "manager," and "employer."  But, the fundamental issue is not whether the Original Defendants fall into any of these static categories or whether other entities do, but whether the Original Defendants controlled or had the right to control the premises in question when the accident occurred.  *See County of Cameron*, 80 S.W.3d at 556; *Wilson*, 8 S.W.3d at 635; *Alexander*, 868 S.W.2d at 324.  The Original Defendants could have controlled or had the right to control the premises in question when the accident occurred without falling into any of these categories.  *See County of Cameron*, 80 S.W.3d at 556; *Brenham Housing Auth.*,  158 S.W.3d at 59–60.

[8] The Original Defendants did not submit any evidence showing that they have no connection with the waterslide or showing what, if any, connection they have with the waterslide.  Nor did the Original Defendants submit any evidence as to whether they entered into any contracts with any party regarding the waterslide.

[9] The majority relies upon *Gunn v. Harris Methodist Affiliated Hospitals*. *See* 887 S.W.2d 248, 251–52 (Tex. App.—Fort Worth 1994, writ denied).  In that case, the plaintiff did not assert any argument that the affidavit statements were conclusory, and the court did not quote any statements from the affidavit or state that the affidavit contained *only* a statement that the defendant did not own, operate, or maintain the premises where the plaintiff was injured.  *See id.* The *Gunn* court concluded that the defendant conclusively proved that it did not control the premises by proving that it did not own, operate, or maintain the premises.  *See id.* Even if this court were to decide to follow *Gunn*, the West affidavit does not address whether the Original Defendants operated or maintained the premises.

11

The relevant inquiry is the defendant's relationship to the premises at the time of the occurrence made the basis of the suit. *See Lefmark Management Co. v. Old*, 946 S.W.2d 52, 54 (Tex. 1997). But, the legal standard on which the Original Defendants' motion and the West affidavit are based addresses each defendant's relationship to the premises when the motion was filed and the affidavit was executed, which was more than two years after the accident. For this additional reason, the Original Defendants' summary-judgment ground is based on a legal standard that does not accurately reflect Texas law. *See id.*

Even presuming for the sake of argument that the statements in the West affidavit are not conclusory and are true, these statements do not prove as a matter of law that the Original Defendants owed no negligence duty to La China because the legal standard upon which these statements are based does not correctly reflect Texas law.[10] *See County of Cameron*, 80 S.W.3d at 556; *Wilson*, 8 S.W.3d at 635; *Lefmark Management Co.*, 946 S.W.2d at 54; *Alexander*, 868 S.W.2d at 24; *Brenham Housing Auth.*, 158 S.W.3d at 59–60. Therefore, summary judgment was not proper.

For the foregoing reasons, the trial court erred in granting summary judgment in favor of the Original Defendants. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Wilson*, 8 S.W.3d at 635; *Alexander*, 868 S.W.2d at 324; *Anderson*, 808 S.W.2d at 55; *Buffington v. Sharp*, —S.W.3d—,—, No. 14-11-00588-CV, 2012 WL 3758098, at *5–6 (Tex. App.—

---

[10] The majority relies upon two cases that are not on point. *See Am. Fid. & Cas. Co. v. Traders & Gen. Ins. Co.,* 334 S.W.2d 772, 775 (Tex. 1959) (determining that company was in control of the premises where the accident occurred for the purposes of determining insurance coverage); *State v. Garcia,* 823 S.W.2d 793, 798 (Tex. App.—San Antonio 1992, pet. ref'd) (addressing meaning of "own" or "operate" a "Sexually Oriented Commercial Enterprise" in a commissioners' court order during analysis of constitutional issue in a criminal case).

Houston [14th Dist.] Aug. 30, 2012, pet. denied). This court should reverse the trial court's judgment in its entirety and remand for further proceedings.[11] Because it does not, I respectfully dissent.

/s/    Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison. (Jamison, J., majority).

---

[11] The majority is correct in concluding that the trial court's judgment should be reversed as to the claims against the defendants added in La China's amended petition and the case remanded as to these claims.