**Affirmed in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions filed August 8, 2013.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

### NO. 14-12-00066-CV

---

### IGNAZIO LA CHINA, Appellant

### V.

### THE WOODLANDS OPERATING COMPANY, L.P. D/B/A THE WOODLANDS RESORT & CONFERENCE CENTER, MS TWC, INC., WECCR, INC. D/B/A THE WOODLANDS RESORT & CONFERENCE CENTER, THE WOODLANDS COMMERCIAL PROPERTIES COMPANY, L.P., WECCR GENERAL PARTNERSHIP, MS HOSPITALITY, LP, AND MND HOSPITALITY, INC., Appellees

---

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 11-06-06810-CV**

---

# MAJORITY OPINION

In this case, we consider whether the trial court properly granted summary judgment in favor of the defendants in a negligence suit brought by a waterpark patron who allegedly suffered injuries resulting from a collision on a waterslide. Concluding that the trial court properly granted summary judgment in favor of some of the defendants, but the claims against newly-added parties were not the subject of a summary-judgment motion, we affirm in part and reverse and remand in part.[1]

## BACKGROUND

Appellant Ignazio La China spent a weekend in June 2009 at The Woodlands Resort and Conference Center. While patronizing the facility's waterpark, he allegedly collided with another patron on a waterslide and sustained injuries to his nose and back. Exactly two years later, La China filed suit against The Woodlands Operating Company, L.P., d/b/a The Woodlands Resort & Conference Center; MS TWC, Inc.; and WECCR, Inc. d/b/a The Woodlands Resort & Conference Center (collectively, the "Original Defendants"), asserting claims for negligence and gross negligence. La China alleged the Original Defendants did not have an employee at the top of the waterslide to regulate traffic and failed to reasonably and prudently protect the safety of waterpark patrons.

In answering the suit, the Original Defendants claimed a defect in parties as none is an owner, lessor, lessee or manager of the waterpark. The Original Defendants also asserted a general denial and several affirmative defenses. After

---

[1] This appeal was transferred by order of the Supreme Court of Texas to this court from the Beaumont Court of Appeals.

the parties engaged in discovery but still early in the case, the Original Defendants filed a traditional motion for summary judgment, asserting that La China filed suit against the wrong entities and that the Original Defendants owed him no legal duty.[2] The Original Defendants attached as summary-judgment evidence an affidavit of A. Karen West, Vice President and General Counsel for The Woodlands Operating Company, L.P., stating that The Woodlands Operating Company, L.P. and WECCR, Inc. do not do business as "The Woodlands Resort & Conference Center"; and the Original Defendants are not the owners, lessors, lessees, or managers of, or the employers of people working at the waterpark. In their summary-judgment motion, the Original Defendants identified other entities as "the owner of," "the lessee of," "the Manager of," and "the employer at" that location.

Before the trial court ruled on the summary-judgment motion, La China filed a motion for continuance, stating that he needed more time to secure discovery.[3] La China also amended his pleadings to add as additional defendants the other entities identified in the West affidavit: The Woodlands Commercial Properties Company, L.P.; WECCR General Partnership; MS Hospitality, LP; and MND Hospitality, Inc. (hereinafter collectively, the "New Defendants"). La China filed objections to West's affidavit, asserting that it was not proper summary-judgment evidence because it contained conclusory statements and hearsay and West did not establish her personal knowledge as to WECCR, Inc., MS TWC, Inc. and the New Defendants. Though La China also moved to strike the West affidavit, the record

---

[2] La China sued the Original Defendants in negligence and gross negligence. Both causes of action require the element of a legal duty owed. *See Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997); *see also Holman v. KRJ Mgmt., Inc.*, 14-03-00017-CV, 2004 WL 502934, at *2 (Tex. App.—Houston [14th Dist.] Mar. 16, 2004, no pet.) (mem. op.).

[3] The record on appeal does not include a notice of hearing or a signed order regarding the continuance.

does not reflect that the trial court ruled on either the motion to strike or La China's objections to the summary judgment evidence. La China also filed a response to the summary-judgment motion and attached three supporting exhibits. The trial court granted summary judgment, expressly stating in the judgment that it was final and appealable and finally disposed of all claims and all parties.

## DISCUSSION

La China asserts that the trial court erred in granting summary judgment in favor of the Original Defendants because (1) the affidavit supporting the motion for summary judgment was insufficient; (2) La China's evidence created a genuine issue of material fact that the Original Defendants are properly named parties who owed La China a legal duty; and (3) the trial court abused its discretion in denying La China's motion for a continuance of the summary judgment hearing. La China further complains that the summary judgment disposed of the claims against the New Defendants without any summary-judgment motion seeking dismissal of these claims.

In a traditional motion for summary judgment, the movant has the burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Likewise, with a traditional summary-judgment motion, the nonmovant has no burden to respond unless the movant conclusively establishes a claim or defense. *See id*. If the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *See id*. A fact is material if it affects the ultimate outcome of the lawsuit under the governing law. *Henning v. OneWest*

*Bank FSB*, 05-12-00078-CV, 2013 WL 3340485, at *4 (Tex. App.—Dallas July 2, 2013, no. pet. h.); *see also Pierce v. Washington Mut. Bank*, 226 S.W.3d 711, 714 (Tex. App.—Tyler 2007, pet. denied). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## I. The Affidavit Supporting the Summary Judgment Motion is Sufficient.

In his first issue, La China argues the evidence in support of the motion for summary judgment is incompetent because the single affidavit supporting the motion is conclusory and based on hearsay and the affiant, Karen West, did not establish her personal knowledge with regard to WECCR, Inc., MS TWC, Inc., and the New Defendants. West's statements in her affidavit are not conclusory. A "conclusory" statement is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based."[4] *See Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008) (citing Black's Law Dictionary 308 (8th ed. 2004)); *see also LeBlanc v.*

---

[4] An objection is not required to preserve error on a challenge to conclusory statements because they constitute no evidence. *Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004).

*Lamar State Coll.*, 232 S.W.3d 294, 301 (Tex. App.—Beaumont 2007, no pet.) ("Statements are conclusory if they fail to provide underlying facts to support their conclusions."). Conclusory affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted. *Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam). West attested that the Original Defendants are not owners, lessors, lessees, or managers of the waterpark or employers of anyone working there. We find these statements are not conclusory: they furnish some factual information that could have been rebutted and, therefore, contain enough underlying facts to support a summary judgment award. *See Rivera v. White*, 234 S.W.3d 802, 808 (Tex. App.—Texarkana 2007, no pet.).

The dissent argues that the affidavit is conclusory because it recites a legal standard. The statement that the Original Defendants are not "the owners, lessors, lessees, or managers [of the waterpark or] the employer of persons working there" recites *facts*, not legal *conclusions*, because, if incorrect, these facts could be readily controverted.[5] The dissent cites *Geiselman v. Cramer Financial Group, Inc.* for the proposition that "conclusions of ownership or lack of ownership must be supported by underlying facts." 965 S.W.2d 532, 537 (Tex. App.—Houston [14th Dist.] 1997, no writ). In that case, Cramer Financial Group sued Geiselman and others to collect on unsecured promissory notes payable to a failed bank. *Id.* at 534. Cramer was required to prove ownership of the notes by showing, among other things, possession of the original notes or "what . . . happened to the original notes." *Id.* at 539. Cramer claimed, but did not present competent evidence that, the notes had been "lost, stolen or inadvertently destroyed." *Id.* at 536-37. We

---

[5] The legal standard at issue here is the existence of a duty. These facts establish that the Original Defendants did not owe La China a duty, as discussed below.

6

held the statement that Cramer was the owner of the notes, without proof of possession or what happened to the notes, was a legal conclusion. *Id*. at 537. The case does not stand for the broader proposition posited by the dissent that a statement of ownership (or lack of ownership), standing alone, cannot be a fact. *See, e.g., Nguyen v. Citibank N.A.*, 14-12-00153-CV, 2013 WL 3192884, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2013, no. pet. h.) (holding affiant's assertion of ownership of credit card account on behalf of bank was sufficient to establish such ownership and not conclusory); *Cannon v. Tex. Indep. Bank*, 1 S.W.3d 218, 225 (Tex. App.—Texarkana 1999, pet. denied) (finding affiant's statements "concerning execution and delivery of . . . note . . . and concerning [bank] being the holder and owner of the [note were] statements of fact and not mere expressions of opinion").

The dissent also cites *Doherty v. Old Place, Inc.* in support of the argument that statements of ownership always must be supported by underlying facts. 316 S.W.3d 840, 844-45 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Ownership of real property was the ultimate issue in that case. The affiant summarily stated that he held "fee simple title" to property based on three theories of adverse possession. *Id*. at 845. These statements constituted legal conclusions because they did not include the underlying facts that supported the conclusion that the affiant owned the property through adverse possession. *Id*.

Here, ownership of the waterpark is not the ultimate issue. The Original Defendants sought to prove they did not owe a duty to La China. They did so by showing they did not own, lease, manage, or employ anyone working at the waterpark. That the Original Defendants do not own the waterpark is not a legal conclusion regarding a contested issue in this case—it is a fact which, if established, negates the existence of a duty.

7

La China did not secure a ruling on his other objections to West's affidavit regarding personal knowledge and hearsay.[6] Thus, La China waived these objections. *See Washington DC Party Shuttle, LLC v. iGuide Tours, LLC,* No. 14-12-00303-CV, 2013 WL 3226768, at *10 (Tex. App.—Houston [14th Dist.] June 27, 2013, no pet. h.) (en banc) (holding objection to lack of affiant's personal knowledge is waived by failure to obtain ruling); *Rizkallah v. Conner*, 952 S.W.2d 580, 585 (Tex. App.—Houston [1st Dist.] 1997, no writ) (same);[7] *Graves v. Alders*, 132 S.W.3d 12, 17 (Tex. App.—Beaumont 2004, pet. denied) (holding objections to affidavits based on hearsay were waived due to failure to obtain written ruling). West's affidavit is sufficient to conclusively establish the Old Defendants' defense as to legal duty.

In addition to concluding that West's affidavit is conclusory, the dissent also would hold that the Original Defendants' evidence failed to establish they did not "control" or "occupy" the subject premises and thus owed no duty to La China. La China did not raise this issue in his appellate brief. We may not address an issue not asserted or briefed by La China. *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 326 n.2 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

---

[6] The dissent's other argument that the affidavit is conclusory is based on the fact that the affidavit does not establish West's personal knowledge with regard to her connections to MS TWC, Inc. or WECCR, Inc. or with regard to the facts that the Original Defendants are not owners, lessors, lessees, or managers of the waterpark or employers of anyone working there.

[7] Our sister court in Beaumont has not decided whether an objection to an affiant's lack of personal knowledge is waived by the failure to obtain a ruling. However, we and the majority of our sister courts have answered this question in the affirmative. *See iGuide Tours*, 2013 WL 3226768, at *9 (noting the Second, Fourth, Fifth, Sixth, Seventh, Tenth, and Eleventh Courts of Appeals have held an affiant's lack of personal knowledge is a defect of form that is waived by the failure to obtain a ruling, but the Third and Eighth Courts of Appeal have held an affiant's lack of personal knowledge is a defect of substance that may be raised for the first time on appeal).

Regardless, the summary-judgment evidence was sufficient to disprove La China's allegation that the Original Defendants owed him a duty.

Tort liability requires "both the existence of and the violation of a duty." *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997); *see also Holman v. KRJ Mgmt., Inc.*, 14-03-00017-CV, 2004 WL 502934, at *2 (Tex. App.—Houston [14th Dist.] Mar. 16, 2004, no pet.) (mem. op.). Duty in the context of premises liability is "commensurate with the right of control." *Lefmark Mgmt. Co.*, 946 S.W.2d at 53-54; *Nichols v. Tanglewood Manor Apartments*, 14-04-00864-CV, 2006 WL 278282, at *5 (Tex. App.—Houston [14th Dist.] Feb. 7, 2006, no pet.) (mem. op.). A party in control of a premises "is under the same duty as the owner to keep the premises . . . in safe condition." *City of Denton v. Page*, 701 S.W.2d 831, 834 (Tex. 1986); *see also Rendleman v. Clarke*, 909 S.W.2d 56, 60 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd). Control can be demonstrated by ownership, occupation, management, or possession of property. *Lefmark Mgmt. Co.*, 946 S.W.2d at 54; *see also Holman*, 2004 WL 502934, at *2; *De Leon v. Creely*, 972 S.W.2d 808, 812 (Tex. App.—Corpus Christi 1998, no pet.) (citing Restatement (Second) of Torts § 328 to say that control requires "physical control of the property or the intention to occupy or possess the property"). The elements of control can be proven by a contractual agreement assigning a right to control or evidence of actual control. *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002); *see also Olivares v. Brown & Gay Eng'g, Inc.*, 14-12-00198-CV, 2013 WL 1775998, at *2 (Tex. App.—Houston [14th Dist.] Apr. 25, 2013, no. pet.).

Admittedly, the West affidavit fails to specifically deny that the Original Defendants "controlled" or "occupied" the premises where La China allegedly was injured. However, West attested the Original Defendants did not own, lease or manage the subject property, and from the terminology used in the affidavit, one

9

should easily infer a lack of control or occupation. *See Gunn v. Harris Methodist Affiliate Hosps.*, 887 S.W.2d 248, 251 (Tex. App.—Fort Worth 1994, writ denied). The *Gunn* case presented a summary judgment affidavit similar to the West affidavit. The defendant hospital attested it did not own, maintain or operate the premises in which Gunn was injured. *Id*. at 251. The trial court granted summary judgment, and Gunn appealed, arguing the hospital failed to negate its duty to Gunn because it did not deny that it occupied the premises. *Id.* at 249. The court held that "the [h]ospital's failure to use the specific term 'occupy' in its motion for summary judgment and supporting affidavit was not a fatal flaw." *Id.* at 251.

The Original Defendants' failure to use the specific terms "occupy" or "control" did not preclude the trial court from entering summary judgment in the Original Defendants' favor. The meanings of the words "occupy" and "own" are generally understood to indicate an ability to manage and control. *See Am. Fid. & Cas. Co. v. Traders & Gen. Ins. Co.,* 334 S.W.2d 772, 775 (Tex. 1959); *State v. Garcia,* 823 S.W.2d 793, 798 (Tex. App.—San Antonio 1992, pet. ref'd). Given that the terms "operate," as used in the *Gunn* case, and "own," as used here, are synonymous with "manage" and "control," and given that the Original Defendants presented evidence that they did not "own, lease, or manage" the subject premises, the Original Defendants' summary judgment evidence was sufficient to disprove La China's allegation that the Original Defendants owed him a duty.

We overrule La China's first issue.

## II.    La China Did Not Raise a Genuine Issue of Material Fact as to a Legal Duty Owed by the Original Defendants.

In his second issue, La China argues he raised a genuine issue of material fact as to whether the Original Defendants are properly named parties who owed

10

La China a legal duty because (1) WECCR, Inc. and The Woodlands Operating Company, L.P. filed an assumed name certificate identifying The Woodlands Resort and Conference Center, which is the subject premises, as their assumed name; (2) MS TWC, Inc. filed documentation with the Texas Secretary of State showing it is a general partner of The Woodlands Operating Company, L.P.; and (3) a third-party administrator for The Woodlands Operating Company, L.P. acknowledged it received notice of La China's injuries and identified a claim number for La China. La China tries to prove too much. At most, this evidence supports a reasonable inference that WECCR, Inc. and The Woodlands Operating Company, L.P. have a right to conduct business as The Woodlands Resort and Conference Center; MS TWC, Inc. was a general partner of The Woodlands Operating Company, L.P.; and a third-party claims adjuster for The Woodlands Operating Company, L.P. opened a claim for La China's alleged injuries. Even if true, these facts are not material to the issue of whether the Original Defendants owed La China a legal duty. Considering the evidence in the light most favorable to La China, reasonable and fair-minded jurors could not differ in their conclusions in light of the summary-judgment evidence that the Original Defendants did not owe a legal duty to La China for his injuries at the waterpark. *See Mack Trucks, Inc.*, 206 S.W.3d at 582.

### III. The Trial Court's Denial of La China's Motion for Continuance Was Not a Clear Abuse of Discretion.

La China further complains in his second issue that the trial court abused its discretion in denying La China's motion for continuance requesting time to obtain responses to discovery requests and to conduct depositions relevant to the summary-judgment motion. When a party argues it has not had an adequate opportunity for discovery before a hearing on a traditional summary-judgment

motion, such as here, the trial court may order a continuance of the hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition."  Tex. R. Civ. P. 166a(g), 251, 252; *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).  When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis.  *Joe*, 145 S.W.3d at 161.  A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  *Id.*  We may consider the following nonexclusive factors in determining whether the trial court abused its discretion: (1) the length of time the case has been on file, (2) the materiality and purpose of the discovery sought, and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought.  *Joe*, 145 S.W.3d at 161; *Life Forms, Inc. v. Woodlands Operating Co.*, 304 S.W.3d 591, 601 (Tex. App.— Beaumont 2010, pet. denied).

It is undisputed that La China filed suit against the Original Defendants on the last day before the limitations period expired and sought discovery well over two years after the alleged incident.  Neither the request for continuance nor the attached affidavit contain an assertion that La China exercised due diligence to ascertain the proper defendants to the lawsuit prior to the filing of the summary-judgment motion.  *See* Tex. R. Civ. P. 252; *see also Richards v. Am. Nat'l Prop. & Cas. Co.*, 195 S.W.3d 758, 762 (Tex. App.—Beaumont 2006, no pet.) (holding trial court did not abuse discretion in denying motion for continuance when party seeking continuance did not show due diligence to procure the testimony).  Given these facts, we conclude that the trial court did not make a clear and prejudicial error of law in denying the request for continuance.

12

We overrule La China's second issue.

## IV. The Trial Court Erroneously Entered Summary Judgment in Favor of the New Defendants.

In his third issue, La China complains that the trial court erroneously entered summary judgment disposing of the claims against the New Defendants because no summary-judgment motion sought dismissal of these claims. Before the trial court granted summary judgment, La China amended his petition to add negligence and gross-negligence claims against the New Defendants. The Original Defendants did not amend their summary-judgment motion, and the New Defendants did not appear or assert a summary-judgment motion. It is undisputed that when the trial court granted summary judgment, the New Defendants had not been served with citation.

The Original Defendants effectively ask this court to disregard the claims against the New Defendants because these defendants had not made an appearance and had not been served with process when the trial court rendered judgment. Thus, the Original Defendants argue the trial court had no jurisdiction over the New Defendants and no ability to render judgment against the New Defendants when it granted the Original Defendants' summary-judgment motion. Because the Original Defendants were the only defendants served, they argue the trial court's judgment was final and disposed of all parties. To the contrary, La China's claims were pending against the New Defendants when the trial court rendered summary judgment, despite the failure of La China to serve the New Defendants with citation, the failure of the New Defendants to make an appearance, and the trial court's inability to render judgment against the New Defendants. *See In re Shepherd*, 193 S.W.3d 181, 188–89 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (holding trial court had not lost plenary power over defendants not yet

served in lawsuit after trial court dismissed plaintiff's claims against another defendant). In its judgment, the trial court disposed of the claims against the New Defendants when no summary-judgment motion sought such dismissal. In doing so, the trial court erred. *See Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex. 1984) (holding trial court erred in entering summary judgment in favor of party that "was not a party to the summary-judgment proceedings"); *see also S. Mgmt. Servs., Inc. v. SM Energy Co.*, 398 S.W.3d 350, 358 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding disposition of third-party claims not addressed in summary-judgment motion was error).

We sustain La China's third issue.

## CONCLUSION

We affirm the trial court's entry of summary judgment as to the Original Defendants. However, the trial court erred in granting summary judgment regarding La China's claims against the New Defendants because those defendants did not seek summary judgment. The summary judgment in favor of the New Defendants is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.


/s/    Martha Hill Jamison
        Justice

Panel consists of Justices Frost, Christopher, and Jamison (Frost, J., dissenting).